## CARSTENSEN v. STRATTON et al.

No. 5787. Decided June 22, 1936. (58 P. [2d] 1035.)

*John C. Davis,* of Ogden, for appellant.

*Christenson, Straw & Christenson,* of Provo, for respondents.

MOFFAT, Justice.

In May, 1934, James G. Stratton and in June of the same year T. A. Cowan each filed a bond with the state board of agriculture executed by the Standard Accident Insurance Company, respondent, together with an application for a license to engage in business as produce dealers for the year 1934 under the provisions of title 3, c. 9, R. S. Utah 1933, as amended by chapter 3, Laws of Utah 1933, as amended by chapter 1, Second Sp. Sess. Laws of Utah 1933.

The corporate existence of the Standard Accident Insurance Company is alleged and admitted as well as its compliance with the laws of Utah to do business in this state. The execution of the bonds on behalf of Stratton and Cowan, principals, with the insurance company as surety is also alleged and admitted, as is also the contract between plaintiff and Stratton and Cowan for the sale and purchase of plaintiff's 1934 crop of cherries. The bonds provide that the principals and surety

"are held and firmly bound to the State of Utah in the sum of five hundred dollars for the use and benefit of any and all persons, firms or corporations that shall suffer loss because of the default or failure of the principal, * * * to comply with * * * the provisions of title 3, Chapter 9, Revised Statutes of Utah, 1933, as amended by chapter 3, Laws of Utah, 1933, as amended by Chapter 1, Laws of Utah, Second Special Session of the Legislature 1933, for the payment of which well and truly to be made,"

the principals and surety are jointly and severally bound.

The obligation is conditioned upon the licensing of the principals and their compliance "with all the provisions of said produce dealer's license law," and that the principals "shall make full and complete settlement for any produce, as defined in said act handled by" said principals, otherwise the obligation to be void. Subsequent thereto and as heretofore indicated, Stratton and Cowan entered into a contract with the plaintiff for the sale and purchase of the entire 1934 crop of cherries raised by plaintiff. Stratton and Cowan failed to pay in full for the crop. Suit was brought resulting in a judgment against Stratton and Cowan for the unpaid balance and a judgment of dismissal of the defendant the Standard Accident Insurance Company.

The matter is here upon the appeal of the plaintiff from the judgment of dismissal only, and is upon the judgment roll. The issue is whether the surety bonds executed by the defendant insurance company on behalf of Stratton and Cowan cover the transaction set out in plaintiff's complaint. The transaction set out in plaintiff's complaint was one for the sale and delivery of cherries. It is admitted the transaction was an outright sale and not a consignment or commission transaction. Appellant assigns three errors. They go to the same law question, and are argued as one proposition. It is contended by plaintiff that the respondent insurance company is liable to plaintiff for the reason that the contract for the sale and purchase of the cherries referred to therein comes within the "definition of produce" as defined by 3-9-1, R. S. Utah 1933, as amended by chapter 3, Laws of Utah 1933, and also referred to in 3-9-3, R. S. 1933, as finally amended by chapter 1, Second Special Session Laws of Utah 1933.

It is the contention of the respondent insurance company that these provisions of the law do not apply to outright sales of property, but only to commission or consignment transactions.

It is not necessary to enter into a discussion of the definition of produce or its use in 3-9-2, supra, as will presently

appear. Both sections referred to by appellant were construed by this court in the case of *Maycock* v. *White*, 83 Utah 446, 29 P. (2d) 934, as they appeared in the laws of Utah 1929, c. 38, §§ 1 and 2. The construction there put upon those sections is controlling in the instant case. Sections 1 and 2 of chapter 38, Laws of Utah 1929, became 3-9-1 and 3-9-2, R. S. 1933, without change except as to the punctuation and conjunctions used. 3-9-1 was amended by chapter 3, Laws of Utah 1933, but without change as to its limitation to commission buying, selling, or handling of produce. Omitting intervening words or phrases not affecting the commission aspects of the section, it reads:

"It shall be unlawful for any person, firm or corporation * * * to engage in the business of buying, selling and/or handling on commission, fresh fruits * * * called produce, * * * unless licensed by the State Board of Agriculture to do so."

No argument is necessary as to the section being limited to buying, selling, or handling on commission. 3-9-3, R. S. 1933, as amended, provided for a bond. Stratton and Cowan furnished the bonds with respondent as surety. The bonds ran "to the State of Utah for the benefit of all persons, firms or corporations with which such produce dealer or peddler shall do business," and were filed with the state board of agriculture with the applications for a license to do business as buyers, sellers, or handlers of produce on commission. The provisions of the statute will not permit the extension of the terms of the bonds beyond those required to buy, sell, or deal on commission.

3-9-3, supra, as amended by chapter 3, Laws of Utah 1933, was again amended by chapter 1 of the Second Special Session of the Legislature in 1933, but in so far as affecting the issues of this case the changes were immaterial. While of no importance to this case, 3-9-3, as finally amended by chapter 1, Second Special Session Laws 1933, was repealed by chapter 4, Laws of Utah 1935, and section 5 of that act leaves no doubt as to the matter. It provides:

"No person shall act as a commission merchant, dealer, broker, or agent without having obtained a license as provided in this act."

The act is entitled the "Produce Dealers' Act," and repeals the whole of chapter 9 R. S. 1933, and the amendments made thereto.

The judgment of the trial court in dismissing the complaint of plaintiff as against the respondent insurance company was not error. The judgment appealed from is therefore affirmed, with costs to the respondent insurance company.

ELIAS HANSEN, C. J., and FOLLAND, EPHRAIM HANSON, and WOLFE, JJ., concur.